JOHN N. BUNTING, *vs.* JESSE FOY.

1. When a demurrer is filed for want of a proper party, and from the facts presented by the pleadings, as in this case, the matter is left in doubt, the Court cannot render judgement, but must remand the cause.

2. Where a contract was made for the sale of land, and a bond was given, to make title upon the payment of the purchase-money, and a portion of the purchase-money being unpaid, an action was brought by the vendor against the vendee, to sell the lands for payment of the balance due; *held*, that in such action, the wife of the vendee was not a proper party, if the marriage took place prior to March 2d, 1867; *aliter*, if the marriage took place subsequent to that time.

3. The wife of a purchaser, who holds lands under a bond for title, has a contingent right of dower to the extent of the payments made by her husband.

The cases of *Sutton and wife vs. Askew, at this term*, and *Thompson vs. Thompson*, 1 *Jones*, 430, cited and approved.

This was a civil action, tried before Watts Judge, at a special term of Wake Superior Court, January 1872.

The complaint alleges that the plaintiff had agreed to sell to the defendant, a lot in the city of Raleigh. That the defen-

13

dant executed to him, several notes, in consideration of said agreement. That plaintiff executed a bond, binding himself to make a deed to the defendant, upon the payment of the purchase-money. That a portion of said purchase-money was paid, but there is a balance due of over $300. That plaintiff demanded the money and proffered to make a deed whenever the same was paid. He demands judgment for the purchase-money, and in default thereof, an order of sale for the said lot, &c. Defendant demurs, and assigns as cause, that defendant is a married man, and that his wife is living, and ought to have been made a party to this action. The case, by consent, was referred to Hon. W. H. Battle.

Judge Battle made a report to the special term in January, 1872. He finds, as a fact, among other things, that when the contract between plaintiff and defendant was made, the defendant was a married man, and that his wife was living, and as a matter of law, that she ought to have been made a party to this suit. There was an exception to this part of the report. The exception was sustained, and the defendant appealed. The above is the only part of Judge Battle's report necessary to be given to understand the decision of the Court.

*Batchelor*, for plaintiff.
*Phillips & Merrimon*, for defendant.

RODMAN, J. The only question presented to us, is, whether the wife of the defendant is a necessary party. We are unable to decide it, because, it is not anywhere stated whether the defendant married after or before 1866. We agree, with the referee, that the wife has a contingent right to dower, to the extent of the payments, made by her husband. *Thompson* v. *Thompson*, 1 *Jones*, 430, cited by referee. If, however, she married before 1866, the case of *Sutton* v. *Askew* decided at this term, excludes her, from the benefit of that and subsequent acts, restoring the common law right of dower, and, a sale by

or against her husband will defeat her claim, which is confined to estates, of which, he shall die seized. If, however, she married after 1866, then, we think, she ought to be a party, on the authority of the case cited by Mr. Phillips, *Mills* v. *Van Voorhees*, 20 *N. Y. Court of Appeals*, 412. Under these circumstances, we can only reverse the judgment below and remand the case, to be proceeded in, according to law, which is accordingly ordered.

REVERSED.